# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TOMMY BLASH,**
**D.O.C. # 424251,**

    **Plaintiff,**

vs.                      Case No. 4:19cv230-AW-MAF

**FLORIDA DEPARTMENT OF**
**CORRECTIONS, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case in May 2019 by submitting a civil rights complaint, ECF No. 1. However, it took until July 2019 for Plaintiff to submit a properly completed in forma pauperis motion. ECF No. 7. Plaintiff's motion was ultimately granted and, as required by 28 U.S.C. § 1915(b), he was assessed an initial partial filing fee of $12.30 which was to be paid by August 2, 2019. ECF No. 8. Payment has not been received.

An Order to Show Cause was entered in October 2019, ECF No. 10, addressing Plaintiff's "notice of inquiry," ECF No. 9, and providing Plaintiff

with an opportunity to show good cause why this case should not be dismissed for failure to prosecute and failure to comply with a Court Order. ECF No. 10. Plaintiff was further advised that if he intended to proceed with this litigation, he had to pay the assessed partial filing fee. *Id.* As of this date, Plaintiff still has not complied. Because Plaintiff has abandoned this litigation, it should now be dismissed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is appropriate.

Case No. 4:19cv230-AW-MAF

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on May 6, 2020.

    S/    Martins A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**